# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DARDISI ALEXANDER,** | CASE NO. 5:14CR301 |
| | 5:16CV2680 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | |
| **UNITED STATES OF AMERICA,** | ORDER AND JUDGMENT ENTRY |
| Respondent. | |

The instant matter is before the Court upon Petitioner Dardisi Alexander's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 581. The petition is DENIED.

While Alexander presents four issues in his petition, every issue is premised upon the same argument. In short, Alexander claims that his trial counsel was ineffective for failing to object to what he believes was his improperly scored criminal history category. The Court finds no error.

Alexander's claim is premised on U.S.S.G. §4A1.2(c)(2) which provides:

Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:

…

Local ordinance violations (except those violations that are also violations under state criminal law)[.]"

Alexander asserts that his counsel was ineffective for not arguing that his conviction on July 25, 2008 for drug abuse should not have been scored pursuant to the above provision. Alexander

1

alleges that this single, additional point increased his criminal history category and advisory guideline range. While this latter factual assertion is accurate, Alexander cannot demonstrate error in the calculation of his criminal history category.

Alexander was charged and pled guilty to a violation of Canton Municipal Code § 513.03 which provides as follows:

> No person shall enter, visit or remain in or about any place or premises, whether open or enclosed, including but not limited to rooms, apartments, buildings, motor vehicles or yards, where any controlled substance or illegal drug abuse instrument which use is prohibited pursuant to Ohio R.C. Chapters 2925 or 4729 or this chapter, is being unlawfully manufactured, sold, dispensed, furnished, given away, stored or used with knowledge that such activity is occurring and for the purpose of engaging in such illegal drug-related activity.

Alexander argues: "Essentially, this ordinance by its terms prohibits and punishes presence in a particular location. It does not necessarily require participation in such activity, only being where the activity is taking place with knowledge of what is going on and the intention to participate." Doc. 581-2 at 13 (emphasis in original). However, Alexander ignores the final clause in § 513.03 that also requires a charged individual to visit or remain on the premises "for the purpose of engaging in such illegal drug-related activity." In other words, § 513.03 cannot be violated unless the City of Canton can prove that an individual entered a drug house with the purpose of engaging in illegal drug-related activity. In that sense, it is clear that any violation of § 513.03 is also a violation of the laws of the state of Ohio. All of the conduct outlawed in § 513.03 (unlawfu manufacture, sale, storage and use), is also prohibited by any number of Ohio statutes. *See, e.g.*, O.R.C. § 2925.03 (trafficking in drugs); O.R.C. § 2925.04 (manufacturing drugs); O.R.C. § 2925.11 (possession of drugs); O.R.C. § 2925.14 (possession of drug paraphernalia); O.R.C. § 2925.13 (permitting drug abuse). Accordingly, the local ordinance conviction is also a conviction of state law. As such, there was no error in scoring the conviction. As all of Alexander's claims are dependent on there being an error in scoring this conviction, his petition must fail.

For the foregoing reasons, Petitioner Dardisi Alexander's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: September 29, 2017  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**